**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREW MUNOZ,

Defendant-Appellant.

No. 19-30132

D.C. No. 1:18-cr-00095-EJL-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 6, 2021
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Andrew Munoz appeals his conviction and sentence on one count of

conspiracy to distribute methamphetamine and heroin, one count of distributing

heroin, and one count of distributing methamphetamine and heroin in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Following conviction after a jury trial, the district court sentenced Munoz to 140 months in federal prison. Munoz argues that the district court erred in (1) providing the jury with a deliberate ignorance instruction, (2) applying a two-level gun possession sentence enhancement, and (3) failing to grant a downward sentencing variance in light of the disparity in sentencing ranges for actual methamphetamine versus methamphetamine mixture.

A deliberate ignorance instruction is appropriate when the district court concludes that "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). A strong showing of actual knowledge does not preclude the district court from also providing a deliberate ignorance instruction. *Id.* at 922–23. Throughout Munoz's trial, the defense repeatedly emphasized that there was no evidence that he had ever looked at the contents of the packages he delivered to the undercover officer. The purpose of this argument was to persuade the jury that Munoz did not know what he was delivering. Because the jury could have found that he was aware the packages likely contained drugs and deliberately avoided learning of their contents, we hold

the court acted within its discretion in giving the jury the deliberate ignorance instruction.

Section 2D1.1(b)(1) of the U.S. Sentencing Guidelines instructs sentencing courts that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the base offense level] by 2 levels," unless "it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, Commentary n.11. Here, the jury convicted Munoz of participating in a conspiracy to distribute methamphetamine and heroin lasting from 2017 through March 16, 2018. Munoz was arrested on March 14, 2018, while the conspiracy was ongoing. According to trial testimony, Munoz had two guns physically on him when he was arrested, and another two guns were present with him in the vehicle. Therefore, the district court did not err in concluding that Munoz possessed a dangerous weapon during the commission of a drug offense.

At sentencing, Munoz asked the district court to use a reduced base offense level on the ground that purity testing of the methamphetamine resulted in an unwarranted sentencing disparity. We hold that the court did not err in using the higher base offense level.

**AFFIRMED.**